Billy Charles Wilkins

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 23 2015
Abel Acosta, Clerk

39,583-37

Sharon Keller,                    01/19/15

Your Honor, I've been challenging an illegal arrest and conviction since trial in 1995-96, Before a order of writ abuse was issued your court in WR-39583 - Trl, No. 13,872 application I had made a decision to dismiss this conviction and one of the clerks had called Jon Brown the clerk for the 35th District Court and inform her so. But several days later one of your clerks called Jon Brown and inform her because the application lacked one thing the application was dismissed, I'm not a lawyer and I'm to poor to hire a lawyer, I have worked very hard trying to figure out what the one thing was that was left out of that application. Your Honor, I ask you please to take a look at the complaint affidavit attached to that application as an exhibit. You will find this complaint is void and does not contain probable cause for the arrest, Article 15.05, V.A.C.C.P. REQUISITES OF A COMPLAINT A complaint shall be suffient without regard to form if it has the four requisites described therein. The complaint attached to application I does not fully recite requisite two stating any crime was committed from the affiant. In volume five exhibit one of the Statement of Facts is the investigation report, On page three Officer Vance Hill reports, "When Wilkins was arrested officers did locate an RCA VCR and a digital Satellite System receiver." Thats all that is recorded. However, the information recorded on the complaint states, "Located in the vehicle was a VCR and a digital satellite system receiver". A variance between the information and the complaint on which it is based, as to, "located in the vehicle", is fatal to the validity of the information. Prosecution by amending Affiant Vance Hill's complaint became the accuser and the prosecutor for

the crime alleged therein. A prosecutor is not authorized to institute prosecutions in a county court upon his independent act or of his own volition, Peterson v. State, 781 S.W. 2d 933 (Tex-Crim. App. 1989). A claim of actual innocence is not a constitutional claim within itself, but it is a gateway through which I have passed to have the other wise bared constitutional claims heard on there merit. This court very words in Ex Parte Elizondo ___ S.W. 2d ___ (Tex. Crim. App. 1996). The application must be considered a companion application instead of a subsequent application because the trial court did not have jurisdiction to adjudicate applicants guilt and sentence him to 99 years imprisonment. The offense alleged in the indictment is based from a void complaint affidavit. However, each application there after are being dismissed without review. I fall up under your courts guiedlines for review. I don't understand why I keep being denied a review. The charge by indictment cannot stand for the prosecutor was the accusor then prosecuted me for committing that crime. Unfair justice! There are a application there bringing out those facts but your clerk refuses to present it to your court. Why? Arn't I just as entitled for a review as any other who claim actual innocence. I know your not going to respond to this pleading. However, it must be declared I have the right to be heard on these pleadings and granted the relief I am entitled to have. I am to present a new application to the trial court. Will you provide the necessary means to see this application is reviewed by your court and issue the writ granting the relief I am entitled to? Thank you for your time and help in this matter.

Respectfully submitted,
Billy C. Wilkins